UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAMERON O'BRIEN, | § | |
|     *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-05-1616 |
| | § | |
| CITY OF PEARLAND, *et al.*, | § | |
|     *Defendants*. | § | |

## MEMORANDUM, RECOMMENDATION, AND ORDER

Pursuant to 42 U.S.C. § 1983, Cameron O'Brien is suing the City of Pearland, and Pearland Police Officers Trey Durant, John Thomas, and Zenaida Davis,[1] asserting violations of his Fourth and Fourteenth Amendment rights, as well as state law claims for malicious prosecution and slander.  Before the court[2] are the defendants' motion to dismiss O'Brien's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Dkt. 9), O'Brien's motion for leave to file a second amended complaint (Dkt. 28), and O'Brien's request to stay this civil action pending the outcome of the state criminal charge against him (Dkt. 22).

---

[1] O'Brien has withdrawn his claim against the Pearland Police Department, implicitly but correctly acknowledging that the Pearland Police Department is not a legal entity capable of being sued.  *See* Dkt. 22, n.2; *see also Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991); *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) ("In Texas, county sheriff's and police departments generally are not legal entities capable of being sued").

[2] This case has been referred to this magistrate judge for pretrial matters by United States District Judge David Hittner (Dkt. 33).

**Background**

On May 7, 2004, Cameron O'Brien and his wife Peggy O'Brien became involved in a heated discussion, leading to Peggy O'Brien's son calling 911. Pearland police officer Trey Durant arrived at the couple's home and issued Cameron O'Brien a citation for class C assault for allegedly pushing his wife. The plaintiff disputes this charge, and contends that in fact it was Peggy that assaulted him by scratching his arm, causing it to visibly bleed. Durant ordered the plaintiff to leave the couple's house or face arrest. Sometime after O'Brien left the residence, Peggy O'Brien's brother, John Thomas, another Pearland police officer, came to the house and changed the locks. When the plaintiff attempted to enter the house the following day, two other Pearland police officers, Zenaida Davis and Jaso,[3] warned O'Brien he would be arrested unless he left.

On May 24, 2004, an ex parte temporary restraining order was entered against Cameron O'Brien, but O'Brien maintains that Officers Thomas, Durant, and Davis denied O'Brien access to his home and his children from May 7th up to this date without the authorization of any court order, thus violating his constitutional rights. On June 7, 2004, the protective order was dismissed, but O'Brien apparently claims that he was denied access to his home until August 1, 2004. Additionally, O'Brien alleges

---

[3] This second officer is identified in the parties' motion papers only as "Jaso."

that Officers Durant and Thomas continued to harass him after the protective order was dismissed by showing up at his house unannounced and by excessively scrutinizing him while he exercised custody of his children. Finally, O'Brien asserts that Durant and Thomas made defamatory statements about him by stating that he assaulted his wife and that he committed a crime.

On January 20, 2005, O'Brien was tried on the assault charges in state court, but a mistrial was declared. The City of Pearland has re-filed the assault charge, and the parties are awaiting a new trial date.

1. **Motion to Amend the Complaint**

Plaintiff O'Brien filed leave to amend his complaint for a second time on December 1, 2005. O'Brien seeks to amend his complaint in two ways: (1) by adding Peggy O'Brien as a defendant; and (2) by clarifying his 42 U.S.C. § 1983 claim against the defendants regarding the lack of state remedies available to him at the time of the alleged violation of his Fourteenth Amendment right to his children and his home. *See* Dkt. 28, ¶¶ 6, 8.

The first portion of the motion seeking to join Peggy O'Brien as a defendant is denied. While the Rule 16 scheduling order allowed amendments to pleadings to be filed by December 1, 2005, it designated October 3, 2005, as the date by which new

parties were to be joined.  *See* Dkt. 19.  After a scheduling order deadline has passed, it is Rule 16(b) that governs the amendment of pleadings.  *See Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003); *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).  Rule 16(b) states that a scheduling order "shall not be modified except upon a showing of good cause."  FED. R. CIV. P. 16(b).  In determining good cause, the court is to look to four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.  *Southwestern Bell*, 346 F.3d at 546; *S & W Enters.*, 315 F.3d at 536.  Only when the movant demonstrates "good cause" to modify a scheduling order "will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."  *S & W Enters.*, 315 F.3d at 536.  Because no explanation for naming Peggy O'Brien after the deadline has been offered, good cause has not been shown for modifying the Rule 16 scheduling order.  O'Brien is denied leave to amend his complaint insofar as it seeks to add a new party defendant.

The second aspect of the proposed amendment dealing with the section 1983 claim was timely filed by the December 1, 2005 deadline, and therefore the more lenient Rule 15(a) standard applies.  Moreover, no objection to that portion of the proposed amended complaint has specifically been raised.  Accordingly, that portion

4

of the motion for leave to amend the complaint is granted. O'Brien shall file this amended complaint within fifteen days.

## 2.   **Request to Stay**

O'Brien requests that this civil action be stayed pending the outcome of the assault charge in state court. The defendants' have not indicated opposition to staying the proceedings. A conviction on the assault charge would presumably obviate O'Brien's causes of action for malicious prosecution and slander. These state law tort claims constitute nearly half of O'Brien's causes of action against the defendants. The determination of whether O'Brien assaulted his wife may also be materially significant to the section 1983 claim in assessing the reasonableness of the police officers' actions for qualified immunity purposes. Thus, the court will exercise its discretion to temporarily stay this action pending a resolution of the state criminal charge. *See S.E.C. v. First Fin. Group of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981); *Giulini v. Blessing*, 654 F.2d 189, 194 (2d Cir. 1981) ("a federal court is not precluded, in the exercise of its discretion, from staying proceedings in the action before it pending a decision by the state court, with a view to avoiding wasteful duplication of judicial resources and having the benefit of the state court's views"). The parties are directed to promptly advise the court when the pending state case is resolved.

### 3.     **Motion to Dismiss**

The defendants' motion to dismiss O'Brien's complaint for failure to state a claim under Rule 12(b)(6) should be dismissed without prejudice at this time. First, as discussed above, the resolution of the pending state criminal assault charge may dispose outright of nearly half of the causes of action in the complaint, and may directly impact the remaining claims. Second, since the defendants' first filed their motion to dismiss O'Brien's complaint, the plaintiff has twice amended his complaint. The court therefore recommends that the motion to dismiss the complaint be dismissed without prejudice to the defendants' refiling their motion at a later date when the facts and claims are better settled.

### 4.     **Conclusion**

In summary, the motion for leave to amend the complaint is granted in part, denied in part; and the request to stay is granted. Further, the court recommends that the motion to dismiss for failure to state a claim be dismissed without prejudice.

The parties have ten days to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* FED. R. CIV. P. 72.

Signed on January 12, 2006, at Houston, Texas.

_____
Stephen Wm Smith
United States Magistrate Judge